IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDERSON DELIMA,<br><br>    Plaintiff,<br><br>v.<br><br>GERRY F. BURRES,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12-cv-00469-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This matter is before the Court pursuant to 28 U.S.C. § 636(c).  Plaintiff is Anderson DeLima.  Defendant is Gerry F. Burres, Plaintiff's former mother-in-law.  Plaintiff alleges that, on March 13, 2007, Defendant signed an affidavit of support ("Form I-864") agreeing to financially support Plaintiff at 125% above the poverty threshold until Plaintiff became a United States Citizen.  (Docket No. 2.)  Plaintiff alleges Defendant breached the Form I-864 by failing to support Plaintiff from 2009 to 2011.  (Id.)

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.  For the reasons below, the Court **GRANTS** the motion to dismiss for lack of personal jurisdiction.  (Dkt. No. 13.)  As such, the Court will not address Defendant's remaining arguments.

II.   **STANDARD OF REVIEW FOR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant moves to dismiss Plaintiff's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (Dkt. No. 13.)  She claims that, as a Montana resident, she "maintains no contacts to the forum state [Utah] sufficient to establish personal jurisdiction . . . ." (Id. at 1.)

When a defendant moves to dismiss for lack of jurisdiction prior to trial, the plaintiff bears the burden to make a *prima facie* showing of personal jurisdiction.  Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988).  At this stage, the court decides the motion based on "affidavits and other written materials," and must resolve all factual disputes in the plaintiff's favor.  Id.

To meet his burden, Plaintiff primarily asserts personal jurisdiction over Defendant is appropriate under Utah's long-arm statute.  (Dkt. No. 25.)[1]  To establish personal jurisdiction in such circumstances, a plaintiff must first show Utah law authorizes jurisdiction.  Rusakiewicz v. Lowe, 556 F.3d 1095, 1100 (10th Cir. 2009).  A plaintiff must then show exercising such jurisdiction "does not offend" the Fourteenth Amendment due process clause.  Id.  Courts "frequently make a due process analysis first because any set of circumstances that satisfies due

---

[1] Plaintiff does not allege this claim is governed exclusively by federal law.  See Davis v. United States, 499 F.3d 590, 594 (6th Cir. 2007) (finding an action to interpret a Form I-864 did not arise under federal law).  Likewise, Plaintiff does not allege Defendant is subject to Utah's general personal jurisdiction, which requires a defendant to conduct extensive activity in the forum state.  Abbot G.M. Diesel v. Piper Aircraft, 578 P.2d 850, 853 n.6 (Utah 1978).  Rather, Plaintiff alleges specific personal jurisdiction under Utah's long-arm statute.  In such circumstances, this Federal District Court, which sits in Utah, may assert personal jurisdiction to the same extent as Utah's long-arm statute.  See Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").

process will also satisfy" Utah's jurisdictional requirements.  SII Megadiamond, Inc. v. Am. Superabrasives Corp., 969 P.2d 430, 433 (Utah 1998).

However, Plaintiff's argument focuses exclusively on Utah's long-arm statute, and 8 C.F.R. § 213a.2(d).  (Dkt. No. 25.)  As such, the Court will analyze whether the provisions Plaintiff cites allow the Court to constitutionally exercise personal jurisdiction over Defendant.

### III.    UTAH'S LONG-ARM STATUTE REQUIREMENTS

Utah's long-arm statute allows Utah courts to exercise specific personal jurisdiction in the following, relevant circumstances:

> [A]ny person or personal representative of the person, *whether or not a citizen or resident of this state*, who, *in person or through an agent*, does any of the following enumerated acts is *subject to the jurisdiction* of the courts of this state *as to any claim arising out of or related to*:
> (1) the transaction of any business within this state;
> (2) contracting to supply services or goods in this state;
> (3) the causing of any injury within this state whether tortious or by breach of warranty;
> . . .
> (5) contracting to insure any person, property, or risk located within this state at the time of contracting;
> . . . .

Utah Code Ann. § 78B-3-205 (emphasis added).

### IV.    FEDERAL DUE PROCESS REQUIREMENTS

Regardless of Utah's long-arm statute, a court may only exercise specific personal jurisdiction over a nonresident defendant if the defendant maintains sufficient "minimum contacts" with the forum state such "that he should reasonably anticipate being haled into court there."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Pro Axess, Inc. v. Orlux Distrib., Inc., 428 F.3d 1270, 1276 (10th Cir. 2005).

A defendant maintains sufficient minimum contacts if he "purposefully avails [himself] of the privilege of conducting activities with the forum [s]tate."  Hanson v. Denckla, 357 U.S. 235,

253 (1958). Purposeful availment requires a defendant to "create a substantial connection with the forum state." Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 109 (1987). That is, a defendant must "purposefully direct[] his activities at residents of the forum, and the litigation [must] result[] from alleged injuries that arise out of or relate to those activities." OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998.)

If a defendant maintains sufficient minimum contacts with the forum state, exercising personal jurisdiction over the defendant must "not offend traditional notions of fair play and substantial justice." World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 291 (1980) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1130 (10th Cir. 1987).

This inquiry requires a court to determine whether exercising "personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case." OMI Holdings, 149 F.3d at 1091. To determine reasonableness, a court must consider the following factors: (1) "the burden on the defendant"; (2) the forum state's interest in resolving the dispute; (3) "the plaintiff's interest in obtaining relief"; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several [s]tates in furthering fundamental substantive social policies." Asahi, 480 U.S. at 113.

## V.  8 C.F.R. § 213a.2(d) OBLIGATIONS

Executing a Form I-864 "creates a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant . . . ." 8 C.F.R. § 213a.2(d). When Defendant signed the Form I-864 as a sponsor, she accepted that Plaintiff, as the sponsored immigrant, could legally enforce the Form I-864. 8 U.S.C. § 1183a(a)(1)(B). That is, Plaintiff could file a civil action "in

any appropriate court" "with respect to financial support." Id. § 1183a(e)(1); 8 C.F.R. § 213a.2(d).  Indeed, Defendant "agree[d] to submit to the jurisdiction of any Federal or State court for the purpose of" enforcing the Form I-864.  8 U.S.C. § 1183a(a)(1)(C).

## VI. WHETHER UTAH LONG-ARM STATUTE CREATES PERSONAL JURISDICTION

### A.  Transacting Business

Plaintiff asserts personal jurisdiction is appropriate under Utah Code Ann. § 78B-3-205(1), which relates to "the transaction of any business within this state."  (Dkt. No. 25 at 4.)[2] Specifically, Plaintiff claims Defendant transacted business in Utah when she "hired a Utah Law Firm, Esplin Weight, to prepare the Form I-864 . . . ."  (Id.)

Notably, "an individual's contract with an out-of-state party *alone*" cannot "establish sufficient minimum contacts."  Burger King, 471 U.S. at 478 (emphasis added).  Rather, a court should consider the following "factors" to determine a defendant's minimum contacts: (1) "prior negotiations"; (2) "contemplated future consequences"; (3) the contract terms; and (4) the "parties' actual course of dealing."  Id. at 479.  See also McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957).

Relevant here, the Tenth Circuit has held that Nevada defendants never purposefully availed themselves of the privilege of conducting business in Utah when they hired a Utah "agent" to assist in contract negotiations with Utah plaintiffs.  Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1076 (10th Cir. 1995).  The Court reasoned to hold otherwise "would suggest that *retaining legal counsel* . . . to consult regarding a part of a transaction would necessarily establish minimum contacts with the consultant's home forum.  Such results are inconsistent with our personal

---

[2] "Transaction of business within this state means activities of a nonresident person, his agents, or representatives in this state which affect persons or businesses within the state."  Utah Code Ann. § 78B-3-202(2).

jurisdiction jurisprudence . . . . " Id. (emphasis added).  In so holding, the court emphasized that "[n]othing in the record suggest[ed] that defendants hired [the agent] because of his Utah residence or that [the agent's] Utah residence played any part in his role as a consultant." Id.

Under Burger King and Far W. Capital, Defendant's decision to hire a Utah firm to draft the Form I-864, *alone*, does not constitute purposeful availment sufficient to create minimum contacts with Utah.  Plaintiff never suggested that Defendant hired the Utah firm because of the firm's Utah location.  Likewise, Plaintiff never discussed any prior negotiations Defendant conducted with the Utah firm, or Defendant's course of dealing with the firm.  Indeed, Defendant executed the Form I-864 in Montana.  (Dkt. No. 18 at 3.)  Along the same lines, Plaintiff never presented the terms of the hiring contract between Defendant and the Utah firm.  Plaintiff never explained how Defendant could foresee being sued in Utah merely because she hired a Utah firm to prepare the Form I-864.  Accordingly, the Court concludes it cannot constitutionally exercise personal jurisdiction over Defendant on this ground.

### B.  Causing Injury

Plaintiff claims personal jurisdiction is also appropriate under Utah Code Ann. § 78B-3-205(3), which relates to "the causing of any injury within this state whether tortious or by breach of warranty . . . ." (Dkt. No. 25 at 4.)  Plaintiff argues Defendant's "callous disregard for the Plaintiff's financial wellbeing" caused Plaintiff "injuries in the state of Utah." (Id.)  Because Defendant breached the Form I-864, Plaintiff "sustained approximately $50,340 in collection and eviction damages." (Id. at 3.)

Unfortunately, "the mere allegation that an out-of-state defendant has tortuously interfered with contractual rights," and thereby "injured a forum resident[,] does not necessarily establish that the defendant possesses the constitutionally required minimum contacts." Far W. Capital,

46 F.3d at 1079.  In such circumstances, the Tenth Circuit has examined the Burger King factors listed above, as well as "the contacts created by the out-of-state defendant in committing the alleged tort."  Id. at 1079-80 (finding "no evidence that defendants' alleged torts had any connection to Utah beyond plaintiff's corporate domicile.").

Applying the case law above, the Court finds Plaintiff's financial injury in Utah does not establish Defendant's purposeful availment sufficient for minimum contacts.  Plaintiff presented no evidence that Defendant and the U.S. government, who are the only contracting parties to the Form I-864, negotiated the Form I-864 in Utah.  Indeed, Plaintiff presented no evidence that *he* and Defendant negotiated the Form I-864 in Utah.   Likewise, Plaintiff presented no evidence that he and Defendant, or the U.S. government and Defendant, conducted dealings in Utah related to the Form I-864.  Similarly, Plaintiff failed to show that Defendant created *any* Utah contacts when she breached the Form I-864.  From what the Court can glean, Defendant never left Montana to negotiate, sign, or breach the Form I-864.

In Plaintiff's favor, Defendant likely contemplated the future consequences of signing the Form I-864 would impact Plaintiff, who resided in Utah.  Plaintiff, who relied on Defendant's financial support as the contract beneficiary, would suffer financial injury if Defendant breached the Form I-864.  However, this factor alone is insufficient to establish Defendant's minimum contacts with Utah. World-Wide Volkswagen, 444 U.S. at 295 ("[F]oreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). See also Trujillo v. Williams, 465 F.3d 1210, 1220 (10th Cir. 2006) ("It is the defendant's contacts *with the forum state* that are of interest in determining whether personal jurisdiction exists, not its contacts with a resident of the forum."); Far W. Capital v. Towne, 828 F. Supp. 909, 913 (D. Utah 1993) ("Financial loss is an inadequate link with the forum state for

jurisdictional purposes. It would have been suffered by the plaintiff wherever [he] resided.").
Given the analysis above, the Court cannot constitutionally assert personal jurisdiction over
Defendant on this ground.

### VII. WHETHER PLAINTIFF'S ROLE AS CONTRACT BENEFICIARY UNDER 8 C.F.R. § 213a.2(d) CREATES PERSONAL JURISDICTION

Unrelated to Utah's long-arm statute, Plaintiff cites 8 C.F.R. § 213a.2(d) to suggest personal jurisdiction is appropriate. (Dkt. No. 25 at 4-5.) Plaintiff notes when Defendant signed the Form I-864, she agreed to submit herself to the jurisdiction of any appropriate court relating to the document's enforcement. (Id.) Because Plaintiff expected to benefit from the contract in Utah, Defendant should be subject to personal jurisdiction in Utah. (Id. at 5.)

The Court sympathizes with Plaintiff's expectations as the Form I-864 beneficiary. However, Defendant's decision to sign the Form I-864 under 8 C.F.R. § 213a.2(d) does constitute a waiver or replacement of her constitutional due process rights related to personal jurisdiction. As such, it does not change the Court's due process analysis above.

### VIII. ORDERS

For the reasons stated above, the following orders shall issue:

**IT IS ORDERED** that Defendant's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is **GRANTED**. (Dkt. No. 13.)

**IT IS FURTHER ORDERED** that Plaintiff's complaint is hereby **DISMISSED**.

Dated this 26th day of February, 2013.

_____
Dustin B. Pead
United States Magistrate Judge